# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD BRACY,** | : | CIVIL NO. 1:17-CV-2355 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN, FCI ALLENWOOD,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Chad Bracy ("Bracy"), a federal inmate confined at the Allenwood Low Security Federal Correctional Institution in White Deer, Pennsylvania. Bracy is presently serving a one hundred and fifty-one (151) months sentence imposed by the United States District Court for the District of Maryland. (Id.) In his habeas petition, Bracy seeks an order to transfer him to a Residential Re-Entry Center ("RRC") to serve the remainder of his prison sentence in accordance with an incentive provision in the Second Chance Act of 2007.[1] (Id. at 18).

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of pre-release placement in a RRC from six (6) to twelve (12) months. 18 U.S.C. § 3624(c)(1), (c)(6)(C).

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[2], and, for the reasons set forth below, the court will dismiss the petition without prejudice.

I.  **Background**

On September 9, 2009, Bracy pled guilty in the United States District Court for the District of Maryland to a charge of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. United States v. Bracy, No. 1:09-cr-244 (D. Md.). At sentencing, the District Court determined that Bracy was a career offender under U.S.S.G. § 4B1.1. Id. On November 9, 2009, Bracy was sentenced to a one hundred and fifty-one (151) month term of imprisonment pursuant to a Rule 11(c)(1)(C) plea. (Doc. 1, at 1; United States v. Bracy, No. 1:09-cr-244 (D. Md.)).

On November 3, 2014, Bracy filed a motion to reduce his sentence under 28 U.S.C. § 3582(c) and pursuant to U.S.S.G. § 2D1.1 as amended by Amendment 782 and made retroactive by U.S.S.G 1B1.10(d). United States v. Bracy, No. 1:09-cr-244 (D. Md.) at (Doc. 333). On March 24, 2016, the sentencing court denied Bracy's motion to reduce sentence. Id. at Doc. 345.

On November 15, 2017, Bracy filed a motion for recommendation for placement in a RRC in the sentencing court. Id. at Doc. 355. The motion remains pending. United States v. Bracy, No. 1:09-cr-244 (D. Md.).

---

[2] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

2

Bracy's projected release date is May 12, 2019, via good conduct time release and with a sentence reduction under the Residential Drug Abuse Program ("RDAP"). (Doc. 1, at 1).

## II. Discussion

Bracy's habeas petition is procedurally flawed in that he has failed to exhaust his administrative remedies. Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling

3

v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. §§ 542.10-542.19. The inmate first must attempt to informally resolve his issue with the institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days following the date for which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. 28 C.F.R. § 542.15(a). This is the inmate's final available administrative appeal.

In the case at bar, Bracy admits that he did not exhaust his administrative remedies with respect to his RRC placement. Indeed, Bracy offers no evidence that he ever filed a grievance regarding his RRC placement. Instead, he circumvented the entire BOP Administrative Remedy Program and filed the instant habeas petition. It is clear that Bracy's petition is premature under the standards set forth in Moscato. Bracy asks the court to excuse him from exhausting his administrative

4

remedies because he alleges that compliance with the Administrative Remedy Program could take months and delay his application for placement in a RRC.

When presented with similar habeas claims seeking placement in a residential setting under the Second Chance Act, courts within this district have consistently concluded that "[e]xhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate." Ross v. Martinez, No. 09-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009). Accordingly, this court has consistently rejected habeas petitions brought under the Second Chance Act when inmates have failed to exhaust their administrative remedies. See, e.g., Bisulca v. Schism, No. 09-2552, 2010 WL 1805394 (M.D. Pa. May 5, 2010); McCooey v. Martinez, No. 09-1533, 2010 WL 411744 (M.D. Pa. Jan. 25, 2010); Lacy-Thompson v. Martinez, No. 09-1320, 2009 WL 4823875 (M.D. Pa. Dec. 14, 2009); Ferris v. Holt, No. 09-1465, 2009 WL 3260557 (M.D. Pa. Oct. 8, 2009).

Moreover, Bracy cannot avoid the exhaustion requirement by simply asserting that he regards the administrative remedy process as futile. Melchiorre v. Martinez, No. 09-1123, 2009 WL 3241678, at *3 (M.D. Pa. Sept. 30, 2009) (stating that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark"). As noted by the Third Circuit, when discretionary prison decisions regarding RRC placement are examined, exhaustion

5

is required before a prisoner may proceed to federal court.  Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012).

Additionally, there is no indication that requiring Bracy to properly utilize the administrative review process would cause him irreparable harm.  The BOP is not presently holding Bracy beyond the term of imprisonment imposed by the United States District Court for the District of Maryland.  His projected release date is May 12, 2019 and he is currently serving his judicially imposed sentence.

Because Bracy has not exhausted his administrative remedies and has not shown that his failure to do so is excusable, the court will dismiss the petition without prejudice to the filing of a new § 2241 petition after Bracy fully exhausts appropriate administrative relief.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

A separate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      January 16, 2018